## KINGS COUNTY CIRCUIT.
### DECEMBER, 1845.
### Before EDMONDS, Circuit Judge.

### RAPELYE AND OTHERS V. VAN SICKLER.

A school-district is a quasi corporation, but can exercise no powers except those specially conferred.

Among the powers thus conferred on school trustees, as representing the district, is that of taking care of the district property, and maintaining all actions at law necessary for that purpose.

The inhabitants of a school-district have no power to devote to purposes of a burying-ground, a portion of the lands belonging to the district, and vested in it for educational purposes.

Though the act of such diversion be illegal and void, it is not competent for any inhabitant, at his own pleasure, to remove a fence erected by the trustees, and against their remonstrance.

A SCHOOL-DISTRICT owned two lots of land, on one of which they had a dwelling-house which they leased to their school-teacher, and he sold to the defendant the grass growing on the land, and the privilege of pasturing his cattle there. After this bargain had been made, the inhabitants of the district held a regular district meeting, at which they resolved to add a part of one of the lots to their burying-ground, and appointed a committee to fence in the superadded part, with funds then contributed by the inhabitants for that purpose. Prior to that meeting the tenant had surrendered to the plaintiffs, as trustees of the district, the portion thus to be taken into the burying-ground.

There was a strong minority of the inhabitants who were opposed to the measure. Among them was the defendant, who, when the fence was erected, went with his hired man and

took it down, though forbidden by the trustees. · For the trespass thus committed this suit was brought.

*E. Sandford* for plaintiffs.

*Morse & Rolfe*, for defendant, insisted —

1. That the proceedings of the district, setting apart a portion of their school lands for a burying-ground, were illegal and void, as the inhabitants had no right thus to misappropriate the property legally dedicated to educational purposes.

2. That the defendant, himself, under his agreement with the tenant, and not the plaintiffs, was in the actual possession of the premises.

3. That the plaintiffs, as trustees, had no authority to bring or maintain the action.

*The Circuit Judge* charged the jury that the school-district, acting through its legitimate channel, its trustees, was a limited corporation, and could exercise no powers except such as were specially conferred.

Among the powers thus conferred were those of taking care of the property of the district, and maintaining all actions that may be necessary to enable them to perform their duty.

It is true that the proceedings of this district meeting, withdrawing a portion of its property from school purposes, were illegal and void; but it did by no means follow, from that, that the defendant had a right to commit the trespass imputed to him. He had no more authority, in that respect, than a mere stranger to the district—no more right, indeed, in the matter, than such as he could exercise as a member of a district meeting, and the plaintiffs, being trustees *de facto*, could maintain an action against him as they could against any stranger.

Even though the action of the meeting was void, the defendant was wrong in his choice of a remedy—it was not by the strong hand that he could redress the wrong.

And if it was true that the action could be maintained only

by those in actual possession, and the injury was only to the possession, and not to the estate of inheritance, still it did not follow that the trustees could not bring a suit, for if the jury believed from the testimony that the tenant had, prior to the erection of the fence, surrendered to the trustees, or to the committee, in behalf of the district, the portion thus fenced in, the possession at the time of the trespass was, in the law, in the trustees, and they could sue.

The possession was not in the tenant, for he had made a surrender to the district, nor in the committee, for their functions had ceased with the erection of the fence, nor in any individual member of the district, like the defendant, nor in the district, itself, but only in its lawful representatives—the trustees—whose special duty it was, and whose duty alone it was, to maintain actions in defense of the district's property.